**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| RICHARD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:13-cv-731 |
| vs. ) | |
| ) | |
| WELTMAN, WEINBERG & REIS ) | |
| CO., L.P.A. and LVNV FUNDING, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, RICHARD WILLIAMS, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendants, WELTMAN, WEINBERG & REIS CO., L.P.A. and LVNV FUNDING, LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Cincinnati, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. (hereinafter "WW&R), is a limited partnership association of the State of Ohio and which has its principal place of business in Cleveland, Ohio.

8. On information and belief, Defendant, LVNV FUNDING, LLC (hereinafter "LVNV") is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Greenville, South Carolina.

## COUNT I
(Violation of the Fair Debt Collection Practices Act)

8. On or about June 15, 2007, representatives and employees of WW&R, acting in its capacity as the attorney and/or authorized agent of LVNV, filed a lawsuit against Plaintiff regarding an alleged debt which is allegedly owed by Plaintiff to LVNV. Defendant attempted service by certified mail at an address Plaintiff had not lived at since 2002.

2

9. On or about July 3, 2007, WW&R re-served Plaintiff by regular mail at the same address where he had not lived since 2002 and on August 20, 2007, a default judgment was granted.

10. On or about September 7, 2007, April 17, 2009 and February 27, 2013, WW&R filed bank garnishments with PNC Bank, Chase Bank and Huntington Bank, respectively, and notice for all three garnishments were sent to the address where Plaintiff had not lived since 2002. All three banks filed answers to the garnishments stating that they had no fund in Plaintiff's name, so Plaintiff did not have knowledge of the garnishment attempts.

11. On or about March 4, 2013, Plaintiff applied for a mortgage to purchase a home but the application was declined because of the judgment on his credit report. Plaintiff lost the opportunity to purchase the house as a result.

12. On or about March 5, 2013, with the newfound knowledge of the judgment, Plaintiff filed a motion to vacate the default judgment and the judgment was subsequently vacated on April 1, 2013. A new trial date was set for September 30, 2013, but Defendant dismissed the suit without prejudice on or about August 19, 2013.

13. All of the actions of WW&R as described above were undertaken as the attorneys and authorized agents of LVNV.

14. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendants did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

  b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

  c. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

  d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RICHARD WILLIAMS, respectfully prays for a judgment against Defendants as follows:

  a. Statutory damages of $1,000.00 for each violation of the FDCPA;

  b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
(Violation of the Ohio Consumer Sales Practices Act)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15. Defendants are a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

16. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18. Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, RICHARD WILLIAMS, respectfully prays for a judgment against Defendants as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (0071239)
David B. Levin (0059340)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com